Cheshire,
April 5, 1921.

.NEWPORT SAVINGS BANK v. JOHN BLISS.

The affidavit of posting notice of a tax sale, required by P. S., c. 61, s. 7, need not be signed by the collector; and his account of the sale need not state the dates of publication of the notice.

BILL IN EQUITY, to set aside a tax deed. Heard by *Kivel*, C. J., who dismissed the bill and allowed the plaintiff's bill of exceptions at the April term, 1920, of the superior court. The plaintiff's grounds for exception, as set forth in the bill, are that the affidavit of posting the advertisement of the tax sale, required by P. S., c. 61, s. 7, was not signed by the collector; and that his account does not give the dates on which the advertisement was published.

*Joseph Madden* (by brief and orally), for the plaintiff.

*Roy M. Pickard* (by brief and orally), for the defendant.

YOUNG, J. It is enough, in so far as the plaintiff's first exception is concerned, to say that the statute does not require the collector to sign his return. What it does require is that he "shall, within ten days after any sale, deliver to the town clerk an account of the sale, with the charges thereof, under oath, copies of the newspapers in which the advertisement was published, and of the advertisement posted, with an affidavit that it was so posted, which shall be kept on file; and the account, advertisement, and affidavit shall be recorded by the town clerk." P. S., c. 61, s. 7.

This also disposes of the second exception; for while P. S., c. 61, s. 3, requires the collector to cause a copy of the advertisement to be published three weeks successively in certain newspapers, the first publi-

cation to be more than eight weeks before the day of sale, section 7 does not require him to return the dates on which the papers containing the advertisements were published. What it does require is that he file copies of the papers with the town clerk.

*Exceptions overruled.*

All concurred.